IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| PHILLIP R. WASSERMAN, | ) |
| | ) |
| Plaintiff-Appellant | ) |
| | ) |
| | ) |
| | ) |
| v. | ) No. 25-13515-JJ |
| | ) |
| UNITED STATES OF AMERICA, STATE OF FLORIDA, OFFICE OF FINANCIAL REGULATION, AND STEPHEN HOWLAND, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants-Appellees | ) |
| | ) |

**UNITED STATES'S RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO STRIKE**

The United States respectfully submits this response in opposition to appellant Phillip R. Wasserman's motion to strike portions of its answering brief. Wasserman is asking the Court to strike various statements because he disagrees with them or otherwise doesn't like them. That is not a valid basis for striking any part of the United States's brief. Instead, Wasserman should file a reply brief that includes his arguments about the "offending" statements. In short, Wasserman's motion should be denied.

- 2 -

## BACKGROUND

On March 23, 2026, Wasserman filed his opening brief on appeal. On May 13, 2026, after obtaining an extension, the United States filed its answering brief.  On June 8, 2026, Wasserman moved to strike nine statements in the United States's brief, contending that they are "unsupported by the record."  (Mot. at 4–7, ¶¶1–9 (citing USA Br. 4–7, 9, 11, 16–17).)[1]

In his motion, Wasserman lists each offending statement, then provides "Comment[ary]" in brackets, explaining his disagreement with the statement.  (Mot. at 4–7, ¶¶1–9.)  The offending statements include such things as:  "Investigator Howland discussed the investigation with Shawn Batsch, a special agent with IRS-CI" and "Agent Batsch and his colleagues interviewed over 50 witnesses."  (Mot. 4–5, ¶¶2, 5.)

Wasserman does not provide any citations supporting his comments.  (Mot. at 4–7, ¶¶1–9.)  In several instances, his comments acknowledge that the statement is supported by the cited source (Mot. 6 ¶7) or is "literally true" (Mot. 5 ¶5).  Wasserman then argues that the

---

[1] "Mot." refers to Wasserman's motion to strike.  "USA Br." refers to the United States's answering brief.  "PRW Br." refers to Wasserman's opening brief on appeal.

statements should be stricken because they are "false" or not supported by the record.  (Mot. 8–10.)  He requests that the Court strike the statements and sanction the United States.  (Mot. 10–11.)

## ARGUMENT

As support for his motion, Wasserman cites Fed. R. App. P. 28(a)(6), (8), providing that factual and argumentative statements should be supported by citation, and Fed. R. App. P. 10(a), detailing the items constituting the record on appeal.  (Mot. 8.)  He also cites several cases by name, but without any citation information.  (Mot. 8–9.)  He then contends that the nine statements at issue violate Rule 28 because "factual assertions in appellate briefs must be supported by accurate citations to the record."  (Mot. 9.)

There is no basis for striking any statements in the United States's brief as each offending statement was supported by accurate citations.  The first seven statements listed by Wasserman (Mot. 4–6 ¶¶1–7) were factual and supported by record citations (*see* USA Br. 4–7, 9), thereby satisfying the requirements of Fed. R. App. P. 28(e), 11th Cir. R. 28-1(h), and 11th Cir. R. 28-5.

The eighth statement (Mot. 6 ¶8) was a factual statement supported by citation to the record in Wasserman's criminal case (USA Br. 11), which Wasserman himself repeatedly referenced in his opening brief (PRW Br. 18, 27, 29–30, 37, 57), albeit without any citations.  This Court may undoubtedly consider such materials.  *See, e.g.*, *In re Fin. Federated Title & Tr., Inc.*, 347 F.3d 880, 883 n.2 (11th Cir. 2003) (taking judicial notice of plea agreement); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (taking judicial notice of trial transcript); *Curry v. TD Ameritrade, Inc.*, 662 F. App'x 769, 771 n.3 (11th Cir. 2016) (taking judicial notice of indictment).  The ninth statement (Mot. 6 ¶9) was an argument regarding Wasserman's opening brief, which was supported by citations to that brief and a case. (USA Br. 16–17.)  Thus, the United States's brief fully complied with the relevant rules.

Ironically, Wasserman himself provides no citations for the "Comment[s]" detailing his disagreements with the offending statements.  (*See* Mot. 4–7.)  And, despite moving to strike portions of the United States's brief due to its supposed failure to abide by the citation rules, Wasserman himself failed to comply with Fed. R. App. P.

28, 11th Cir. R. 28-1(h), and 11th Cir. R. 28-5 as he included *almost no record citations in his entire opening brief.* (*E.g.*, PRW Br. 16–28.)

Regardless, this Court is fully capable of reading the United States's brief, reviewing the citations and sources cited, and assessing the facts of the case for itself. To the extent that Wasserman disagrees with statements in the United States's brief, he should explain the grounds for his disagreements in his reply brief with reference to his own citations (as he should have done in his opening brief). But this motion is no substitute for a reply brief, and there is no basis for striking any statements in the United States's brief.

## CONCLUSION

For the foregoing reasons, Wasserman's motion to strike should be denied.

Respectfully submitted,

/s/ Douglas C. Rennie

JENNIFER M. RUBIN                    (202) 307-0524
DOUGLAS C. RENNIE                    (202) 305-7546
  *Attorney, Tax Litigation Branch*
  *Civil Division, U.S. Department of Justice*
  *Post Office Box 502, Washington, DC 20044*
  *Appellate.TaxCivil@usdoj.gov*
  *Douglas.C.Rennie@usdoj.gov*

Dated: June 18, 2026

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

Case No.    25-13515-JJ

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and the word limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

[X]    this document contains   800   words, or

[ ]    this brief contains   ***   words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

[ ]    this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ ]    this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 13-point Century Schoolbook, or

[X]    this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook, or

[ ]    this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s) /s/ Douglas C. Rennie_____
Attorney for   United States of America_____
Dated:   June 18, 2026